IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE L. LOCKARD,          )
                            )
           Plaintiff,       )
                            )
     v.                     )
                            ) Civil Action No. 10-206J
MICHAEL J. ASTRUE,          )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
           Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 23) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 21) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed her SSI application on January 10, 2008, alleging disability due to depression, "bad nerves" and asthma. Plaintiff's application was denied. At plaintiff's request, an ALJ held a video hearing on August 25, 2009, at which she appeared represented by counsel. On September 25, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 10, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 35 years old when she filed her application and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has no past relevant work experience, and she has not engaged in substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that she is not disabled within the meaning of

AO 72
(Rev. 8/82)

the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of asthma, syncope, anxiety, depression, arthritis, obesity, degenerative joint disease, restless leg syndrome and fibromyalgia, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform simple, routine light work with a number of additional limitations. Plaintiff requires work which is performed in an air-controlled environment, but she must avoid occupations which involve working around dangerous machinery. Further, plaintiff is limited to occasional interaction with supervisors, co-workers and the general public. In addition, plaintiff would miss eight days of scheduled work per year and she would be off task five percent of the time. Finally, plaintiff would have approximately three episodes of syncope per year without sequelae and those episode would last three minutes (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to perform work that exists in significant numbers in the national economy, such as an inspector of medical products, a racker in a bakery and a small parts assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1.

Further, plaintiff claims the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. For reasons explained below, these arguments are without merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that she meets or equals a listing under 1.00 (musculoskeletal system),

3.00 (respiratory system) or 12.00 (mental disorders).[1] Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from asthma, syncope, anxiety, depression, arthritis, obesity, degenerative joint disease, restless leg syndrome and fibromyalgia, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination,[2] do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under sections 1.00, 3.00, 12.04 and 12.07, but he found that plaintiff's conditions do not satisfy all the criteria of any of those listings. (R. 14-16). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 14-16).

The ALJ satisfied his burden; however, plaintiff failed to

---

[1] Although plaintiff broadly claims that she meets a listing under section 1.00 relating to disorders of the musculoskeletal system and under section 3.00 relating to disorders of the respiratory system, she provides no explanation whatsoever in her brief to support her position. Plaintiff also contends that she meets a mental disorder listing, specifically listing 12.04 pertaining to affective disorders and listing 12.06 involving anxiety related disorders. For reasons explained herein, plaintiff has failed to sustain her burden of demonstrating that she meets or equals either listing 12.04 or 12.06.

[2] Plaintiff argues that the ALJ failed to consider her impairments in combination in determining that she is not disabled. Plaintiff's argument is without merit. In connection with the ALJ's step 3 finding, he explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing. (R. 14). Further, the ALJ's detailed decision makes clear that he considered all of plaintiff's impairments in combination in assessing her residual functional capacity. (R. 17-19).

sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals all of the paragraph "B" criteria of listings 12.04 and/or 12.06, plaintiff failed to demonstrate that the evidence of record substantiates her argument.³ Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to

---

³In order to satisfy the paragraph "B" criteria of listings 12.04 or 12.06, plaintiff's condition must result in at least two of the following: (1) marked restrictions of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. See Appendix 1, §§12.04B, 12.06B. The ALJ's finding that plaintiff does not satisfy the paragraph "B" criteria because she has mild limitations in activities of daily living, moderate limitations in social functioning, moderate limitations in concentration, persistence or pace and no episodes of decompensation is supported by substantial evidence for the reasons thoroughly explained in his decision. (R. 15-16).

consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he failed to properly consider and weigh the consultative examiner's findings and, as a result, he incorrectly assessed her residual functional capacity. The court finds these arguments lack merit.

Plaintiff first argues that the ALJ did not properly consider and weigh the findings of Dr. Charles Kennedy, who performed a one-time consultative psychological evaluation of plaintiff. Dr. Kennedy found plaintiff only had slight limitations in making judgments on simple work-related decisions and in understanding, remembering and carrying out simple instructions, but she had moderate limitations in understanding, remembering and carrying out detailed instructions. (R. 350). Dr. Kennedy rated plaintiff as having marked limitations in interacting appropriately with supervisors, co-workers and the public and responding appropriately to work pressures and changes. (R. 350).

Contrary to plaintiff's position, the ALJ stated that he considered Dr. Kennedy's opinion, including his rating of marked limitations in the functional areas noted above, and gave Dr. Kennedy's opinion some weight. (R. 19). The ALJ also explained that he did not fully credit Dr. Kennedy's opinion of plaintiff's functional capabilities because it was not well-supported by clinical findings and it appeared to be based on her subjective complaints, which the ALJ determined were not entirely credible.

(R. 19). Even though the ALJ did not fully credit Dr. Kennedy's opinion, he accounted for the doctor's assessment of marked limitations in the area of responding appropriately to work pressures and changes and dealing with others by limiting plaintiff to simple, routine tasks and only occasional interaction with supervisors, co-workers and the public. In sum, the ALJ properly considered Dr. Kennedy's findings, explained why he gave the doctor's opinion some weight and accounted for the limitations the doctor identified to the extent those limitations were supported by the evidence of record.

Plaintiff next contends that the ALJ's RFC Finding is not supported by substantial evidence because it did not incorporate Dr. Kennedy's findings. As explained, the ALJ's RFC Finding accounted for the limitations Dr. Kennedy identified by restricting plaintiff to simple, routine tasks and only occasional interaction with supervisors, co-workers and the public. In addition to accounting for Dr. Kennedy's findings, the ALJ's comprehensive RFC Finding incorporated all of plaintiff's functional limitations that the evidence of record supported, including accommodations for three syncope episodes per year and eight missed days of work. Plaintiff did not cite any evidence of record to support her position that additional limitations should have been included in the RFC Finding. Accordingly, the court finds that the ALJ properly assessed plaintiff's residual functional capacity.

Plaintiff's final argument is that the Appeals Council erred

by failing to adequately consider psychiatric evaluations completed by Dr. Rajan in September 2005 and March 2010, (R. 434-35, 526-27), as well as Dr. Shapiro's March 2007 psychiatric evaluation. (R. 432-33). Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

As the Third Circuit explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to 42 U.S.C. §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision the district court is to review. Matthews, 239 F.3d at 592. As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." Id. at 594.

Thus, to the extent plaintiff requests this court to review the Appeals Council's decision to deny review, we have no statutory authority to do so. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before this court for judicial review. The evaluations by Dr. Rajan and Dr. Shapiro were not presented to the ALJ, and those documents may not be considered by this court in conducting its substantial evidence review. Matthews, 239 F.3d at 594-95.

Moreover, to the extent plaintiff suggests that this case should be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. §405(g) for consideration of Dr. Rajan's and Dr. Shapiro's respective psychiatric evaluations, she has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the court may remand the case to the Commissioner if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593. Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). The psychiatric evaluations completed by Dr. Rajan and Dr. Shapiro in September 2005 and March 2007, respectively, were available to plaintiff prior to the administrative hearing before the ALJ, which was held on August 25, 2009. Thus, plaintiff could have submitted those documents to the ALJ at the hearing if she had wished to do so.

With respective to Dr. Rajan's March 2010 psychiatric evaluation, that evidence does not meet the materiality requirement. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Secretary of Health and Human Servs., 745

F.2d 831, 833 (3d Cir. 1984). Here, the relevant time period is January 10, 2008, when plaintiff filed her SSI application, until September 25, 2009, the date of the ALJ's decision. Thus, Dr. Rajan's March 2010 psychiatric evaluation post-dates the relevant period and therefore is not material.

Finally, plaintiff has not demonstrated good cause for failing to timely submit records from Dr. Rajan and Dr. Shapiro. As stated above, those doctors performed psychiatric evaluations of plaintiff in September 2005 and March 2007 and the administrative hearing was not held until August 25, 2009. Plaintiff could have submitted those documents to the ALJ at the administrative hearing if she thought they were relevant, but she failed to so. Instead, she belatedly submitted the documents to the Appeals Council. Such delay does not satisfy the good cause requirement, and a sentence six remand is not warranted in this case.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901